UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

**BYOPLANET INTERNATIONAL, LLC**

     **Plaintiff,**

v.

**PETER JOHANSSON AND
CHARLES GILSTRAP,**

     **Defendants.**
_____/

**COMPLAINT FOR VIOLATION OF FEDERAL RACKETEERING (RICO) STATUTE, FRAUD, BREACH OF FIDUCIARY DUTY, CORPORATE WASTE, UNJUST ENRICHMENT, AND OTHER RELIEF**

**INTRODUCTION**

1. Plaintiff(s), by and through their attorneys, bring this action against Defendants Peter Johansson, the COO of ByoPlanet and Charles "Chuck" Gilstrap, the CFO of ByoPlanet, for fraud, breach of fiduciary duty, corporate waste, unjust enrichment, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. §§ 1961-1968) arising from his unauthorized, fraudulent, and self-serving transactions. These actions caused significant financial harm to ByoPlanet, its shareholders, and stakeholders.

2. Defendants knowingly and intentionally engaged in a fraudulent scheme by terminating a cost-effective and reliable supplier (DKI) and replacing it with Promark, a company that charged exorbitantly higher prices for defective products, thereby financially sabotaging ByoPlanet while

1

unlawfully enriching themselves and others.

3.  Defendants actions were not just negligent but intentionally fraudulent—demonstrating a reckless disregard for the company's profitability, cash flow, and fiduciary responsibilities. Their self-dealing arrangement with Promark resulted in unjustifiable financial losses for ByoPlanet and created an exclusive contractual stranglehold, forcing the company to purchase substandard goods At inflated prices.

4.  Defendants deliberately structured the contract with Promark to allow for price manipulation and unrestricted increases, which further deepened ByoPlanet's financial detriment and positioned Promark as the exclusive supplier for 60% of essential parts, creating an anti-competitive monopoly. *See* **Exhibit A**.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to:

- 28 U.S.C. § 1331 (Federal Question Jurisdiction) because this case arises under 18 U.S.C. §§ 1961-1968 (RICO) and 18 U.S.C. § 1341 (Mail Fraud) and 18 U.S.C. § 1343 (Wire Fraud).

- 28 U.S.C. § 1332 (Diversity Jurisdiction) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

- Supplemental Jurisdiction over related state law claims under 28 U.S.C. § 1367.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this district, and Defendants conduct business in this district.

## PARTIES

7. Plaintiff(s): ByoPlanet who were directly harmed by the fraudulent, wasteful, and corrupt decisions of Defendants.

8. Defendant Peter Johansson: COO of ByoPlanet, who engaged in fraudulent, reckless, and self-dealing transactions.

9. Promark: The company that benefited from and participated in the fraudulent scheme, knowingly supplying inferior and overpriced products under a corrupt and anti-competitive contract.

## FACTUAL ALLEGATIONS

**A. Financial Mismanagement and Fraudulent Overpayment**

11. ByoPlanet initially purchased high-quality circuit boards from DKI for $125 per board.

12. Defendant Peter Johansson terminated DKI and replaced it with Promark, which charged over $200 per board—a 60% increase—despite providing an inferior product.

13. There was no business justification for this change, as DKI's products were cheaper and superior in quality.

**B. Contractual Manipulation and Anti-Competitive Practices**

14. Under the new contract with Promark, Defendant Johansson:

- Authorized Promark to unilaterally raise prices at its discretion, without challenge.

- Granted Promark exclusive manufacturing rights for 60% of ByoPlanet's parts, eliminating competition and preventing alternative sourcing.

15. These anti-competitive and monopolistic contract terms were designed to benefit

Promark and harm ByoPlanet, forcing the company into a financially devastating dependency on an unreliable supplier.

### C. Product Defects and Further Financial Harm

16. The initial products from Promark were defective, specifically due to damaged wiring caused by the over-tightening of the power cable grommet.

17. This defect rendered the boards unreliable, causing additional financial losses to ByoPlanet due to:

- Increased repair and replacement costs.
- Operational disruptions caused by defective products.
- Damage to ByoPlanet's market reputation due to unreliable products.

18. Despite knowing that Promark's products were defective, Defendant Johansson continued the financial sabotage, refusing to address the overpayments or contractual failures.

### D. Involvement of Charles Gilstrap in the RICO Enterprise

19. Charles Gilstrap, as CFO of ByoPlanet, was responsible for financial oversight and had a fiduciary duty to disclose material risks and liabilities to the board and shareholders.

20. Gilstrap actively participated in the fraudulent scheme by:

- Approving the inflated and unjustifiable contract with Promark without proper review or board authorization.
- Concealing financial distress and material liabilities from the board, including a $6,000,000 loan from Clorox and an impending Canadian judgment.
- Failing to disclose that Promark was sold to ECI, a Cerberus-controlled company, just nine (9) days after contract signing—a key indicator of premeditated fraud.
- Enabling Peter Johansson's reckless overspending in early 2021 despite a lack of revenue, contributing to ByoPlanet's insolvency.

4

21. Gilstrap conspired with Johansson and others, including Jared Knecht, to fabricate and execute the fraudulent supplier agreement with Promark, culminating in the financial collapse of ByoPlanet and direct harm to Plaintiff(s).

## CAUSES OF ACTION

## COUNT 1: RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

22. Defendants Peter Johansson and Charles Gilstrap engaged in a pattern of racketeering activity by committing:

- Wire Fraud (18 U.S.C. § 1343)
- Mail Fraud (18 U.S.C. § 1341)
- Fraud in connection with the interstate sale of defective goods and financial misrepresentations

23. Gilstrap's willful participation in concealing liabilities and enabling the Promark agreement is part of the broader fraudulent scheme and RICO enterprise.

## COUNT 2: FRAUD

25. Defendants Peter Johansson and Charles Gilstrap jointly engaged in fraudulent misrepresentations and omissions regarding:

- The financial solvency of ByoPlanet
- The Promark contract and product quality
- The ownership and resale of Promark

**COUNT 3: BREACH OF FIDUCIARY DUTY**

27. Defendant Gilstrap, as CFO, owed a fiduciary duty of loyalty, transparency, and competence. His breaches mirror those of Defendant Johansson and caused direct harm to ByoPlanet and its stakeholders.

**CAUSES OF ACTION**

**COUNT 1: RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) (18 U.S.C. §§ 1961-1968)**

19. Defendants engaged in a pattern of racketeering activity by committing:

- Wire Fraud (18 U.S.C. § 1343) by using electronic communications to carry out the fraudulent transactions.

- Mail Fraud (18 U.S.C. § 1341) by sending false invoices and documentation related to the overpayments and defective products.

20. These acts constitute predicate offenses under RICO, demonstrating a pattern of fraudulent and corrupt business practices.

21. Defendants actions resulted in financial harm to ByoPlanet and its shareholders, meeting the statutory elements for a civil RICO claim.

**COUNT 2: FRAUD**

22. Defendants knowingly engaged in fraudulent misrepresentations and omissions by:

- Concealing the true costs and defects of the Promark products.

- Misrepresenting the necessity of the supplier switch.

- Approving unjustifiable overpayments.

23. Plaintiff(s) relied on Defendants' misrepresentations, leading to severe financial harm.

## COUNT 3: BREACH OF FIDUCIARY DUTY

24. As COO and CFO, Defendants had a fiduciary duty to act in the best interests of ByoPlanet and its shareholders.

25. Defendants violated this duty by engaging in self-dealing and reckless financial mismanagement.

26. These actions caused direct and measurable harm, making Defendants liable for damages.

## COUNT 4: CORPORATE WASTE

27. The decision to pay twice as much for defective products constitutes corporate waste because:

- There was no rational business justification.
- The contract terms allowed for unrestricted price increases without oversight.
- The overpayments and defects led to substantial financial losses.

28. Defendants are liable for the restitution of wasted corporate funds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) demand:

A. Compensatory damages in an amount to be determined at trial.

B. Treble damages under RICO (18 U.S.C. § 1964(c)).

C. Disgorgement of all ill-gotten gains obtained through fraud and self-dealing.

D. Punitive damages for intentional misconduct.

E. Attorney's fees and litigation costs.

F. Any other relief deemed just and proper.

Dated this 1st day of April, 2025

           Respectfully submitted,
           JUSTICE LAW GROUP, LLP

           /s/James M. Paul
           James M. Paul, Florida Bar No. 1010819
           850 Southeast 8th Avenue
           Fort Lauderdale, FL 33316
           Tel: (917)562-9607
           jpaul@justicelawgroup.ai.