**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

BYOPLANET INTERNATIONAL, LLC

      Plaintiff,

                            CASE NO. 0:25-cv-60630-WPD

vs.

PETER JOHANSSON and
CHARLES GILSTRAP,

      Defendants.

_____/

## DEFENDANT PETER JOHANSSON'S MOTION TO DISMISS COMPLAINT, OR ALTERNATIVELY MOTION TO COMPEL ARBITRATION AND INCORPORATED MEMORANDUM OF LAW

The Defendant, PETER JOHANSSON (hereinafter "Defendant"), by and through the undersigned counsel, and pursuant to Rules 8(a)(2), 9(b), 10(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss the Plaintiff's Complaint (hereinafter "Complaint") or in the alternative requests this Court to compel the parties to arbitration, and in support alleges:

### Introduction - Summary of the Argument

The Plaintiff, BYOPLANET INTERNATIONAL, LLC (hereinafter "Plaintiff"), is a for-profit company which operates out of Athens, Georgia and is owned and operated by its Chief Executive Officer and majority shareholder, Richard O'Shea. The Defendant is a former employee of the Plaintiff who resigned from his position mid-year of 2021 after approximately thirteen (13) months on the job. Having previously filed a near-identical complaint in state court in Broward County, Florida on July 30, 2024 (Case Number CACE-24-010519), the Plaintiff then filed the

instant Complaint now before this Court on or about April 25, 2025.  (Dkt. 1-3). For the reasons and citations of authority provided herein, the Complaint should be dismissed as a matter of law.

The Complaint currently pending before this Court is insufficient as a matter of law for a number of reasons. First, the Complaint fails to meet the minimum pleading requirements mandated by Rules 8 and 10 of the Federal Rules of Civil Procedure.  The Complaint is not properly numbered in linear, numerical order, and otherwise fails to distinguish Defendant Johansson's alleged conduct from that of the co-defendant.  Any and all allegations of misconduct on Defendant's part are merely supported by general conclusions of law and fact.  Moreover, it is impossible to determine from the face of the Complaint what causes of action Plaintiff brings against each respective defendant, and the Complaint otherwise fails to identify who, what, when, where and how the alleged misconduct purportedly occurred.  This is true of each of the four (4) counts alleged in the Complaint, and respectfully, Defendant is unable to adequately mount a defense against the Complaint as it currently reads.  The Complaint should be dismissed as a matter of law for failing to meet with minimum pleading requirements of the Federal Rules of Civil Procedure.

The Complaint should also be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because it fails to state a claim upon which relief may be granted.  Even assuming *arguendo* that each and every allegation contained in the Complaint is true, each count reflected is insufficiently pled, and the Plaintiff's Complaint fails to state a cause of action. The Complaint contains numerous conclusory statements of law and fact, while lacking the requisite specificity or particularity dictated by the Federal Rules of Civil Procedure, and for this reason should be dismissed. The Complaint's lack of detail and particularity, combined with its fragmented and

fractured structure, render the Complaint insufficient as a matter of law for failing to state any cause of action upon which relief may be granted.

The Complaint should also be dismissed, because Plaintiff failed to sufficiently plead and allege "fraud" against the defendants with the requisite level of particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  In cases involving "fraud," the Federal Rules of Civil Procedure require that any such complaint state with particularity the circumstances constituting the fraud or mistake.  This "particularity" requirement is generally satisfied when a complaint includes sufficient facts as to time, place, and substance of the defendant's alleged fraud.  And while Plaintiff is permitted to allege certain elements such as "intent" or "knowledge" in a more general manner, fraud must be alleged with substantially more detail than Complaint reflects. Complaint fails to allege "fraud" (and every other alleged claim) with the requisite level of particularity required by the Federal Rules of Civil Procedure, and this Court is required to dismiss Complaint accordingly.  Because 'fraud' is an essential element of every count alleged in the Complaint, the Complaint fails as a matter of law.

Lastly, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure the Complaint should be dismissed as a matter of law, because this Court does not possess subject matter jurisdiction to preside over this case. Long before the Complaint was filed before this Court, the parties waived their respective rights to jury trial and agreed to arbitrate any dispute between them, as a condition of Defendant's employment. Specifically, the parties waived their respective right to a trial via ByoPlanet's Employee Handbook, which is attached hereto and incorporated by reference.  *Exhibit A*.  Respectfully, this Court does not possess the necessary subject matter jurisdiction to preside over this matter.

Based on the arguments and citations of authority provided herein, Plaintiff's claims against the Defendant should be dismissed as a matter of law for failing to meet the minimum pleading requirements mandated by the Federal Rules of Civil Procedure and for failing to state a claim upon which relief may be granted. Moreover, the Complaint should also be dismissed as a matter of law, because Plaintiff has failed to sufficiently allege and plead "fraud" with the requisite particularity. Lastly, the Complaint must be dismissed, because the parties waived their respective rights to trial and instead agreed to arbitrate all work-related disputes reflected in the ByoPlanet Employee Handbook. Therefore, this Court does not possess the requisite subject-matter jurisdiction it requires.

**LEGAL STANDARD**

I.   <u>Minimum Pleading Requirements – Prohibition Against "Shotgun" Pleadings Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure</u>

Pleadings must contain "a short and plain statement of the claim showing that the [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "a complaint 'does not need detailed factual allegations,'" [it] must nevertheless "provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Wistar v. Raymond James Fin. Servs., Inc.*, 365 F. Supp. 3d 1266, 1268 (S.D. Fla. 2018), (hereinafter "*Wistar*") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), hereinafter "*Bell Atl. Corp.*"). Plaintiff cannot simply make "naked assertions" without any "further factual enhancement." *Bell Atl. Corp.*, 550 U.S. at 557.

As a matter of law, Defendant Johansson must be sufficiently informed of the alleged conduct that forms the basis of the charges against him. Conclusory allegations, like the ones used by Plaintiff, fail to apprise defendants of the factual basis of the plaintiff's claims, and accordingly,

4

the Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Specifically, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. at 1937, 1949, 173 L.Ed.2d 868 (2009) (hereinafter "*Iqbal*") (quoting *Bell Atl. Corp.*, 550 U.S. at 570). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement."

A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading, or complaints that otherwise violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure, constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1128–29 (11th Cir. 2001); *Weiland vs. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) hereinafter "*Weiland*." Ultimately, "[the] underlying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id*. at 1313; *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). Pleadings of this nature are prohibited by Rule 8(a)(2), which requires a claim for relief to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require

the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted).  Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading. When faced with a shotgun pleading, this Court should strike the complaint as insufficient. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), abrogated on other grounds by *Iqbal*, 556 U.S. at 662 (2009).

The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. As relevant here to Complaint against Defendant Johansson, one type of shotgun pleading is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. Such complaints make it "virtually impossible [for Defendant Johansson] to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996).  Another type of shotgun pleading relevant and applicable to the Plaintiff's case before this Court asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Weiland*, 792 F.3d at 1323.

## II.     Failure to State a Claim Upon Which Relief May be Granted
## Rule 12(b) of the Federal Rules of Civil Procedure

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) hereinafter "*Jackson.*" Furthermore, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990)

6

hereinafter "*Stephens.*" But, [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, <u>a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do</u>. (Emphasis added). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555 (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) hereinafter "*Papasan.*"

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-Am. 26TGW, 2009 WL 10671157 (M.D. Fla. Oct. 9, 2009). Although the Court must generally take the plaintiff's well-pleaded allegations as true when deciding a motion to dismiss pursuant to Federal Rule 12(b), that general rule is inapplicable to legal conclusions and does not preclude consideration of "obvious alternative explanations" for the alleged conduct at issue. *Wistar*, 365 F. Supp. 3d at 1269 (citation and quotation marks omitted).

### III.   Failure to Allege "Fraud" With Requisite Particularity
### Rule 9(b) of the Federal Rules of Civil Procedure

In cases alleging fraud, as is the case in the matter before this Court, Rule 9(b) requires that the Complaint state with particularity the circumstances constituting the fraud or mistake. *Fed. R. Civ. P. 9(b).* "This particularity requirement is satisfied when a complaint includes 'facts as to

time, place, and substance of the defendant's alleged fraud.'" *S.E.C. v. Strebinger*, 114 F. Supp. 3d 1321, 1329 (N.D. Ga. 2015) (quoting *U.S. ex rel. Clausen v. Lab Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002)). Rule 9(b) provides that a party may allege intent, knowledge, and other conditions of the defendant's mind generally. "Thus, under Rule 9(b), it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (citations omitted). <u>The remedy for a failure to plead with sufficient particularity is dismissal with or without prejudice</u>, depending on the circumstances.  (Emphasis added).  *Herengracht Group, LLC v. WM. Wrigley Jr. Co*, 2010 WL 8531466 (S.D FLA. 2010) (affirming district court's dismissal of claim with prejudice for failing to plead fraud with sufficient particularity).

Because the Plaintiff has failed to sufficiently plead in its Complaint the "who, what, when, where, and how of the allegedly false statements" purportedly made by Defendant, because the Plaintiff has failed to distinguish one defendant's alleged conduct from the other, because the Plaintiff has failed to sufficiently allege fraud against the Defendant, and because the Plaintiff's Complaint otherwise violates Rule 9(b) of the Federal Rules of Civil Procedure, the Defendant suggests that dismissal of the Plaintiff's Complaint is not only warranted, but necessary to preserve and promote justice.

## IV.  <u>Lack of Subject Matter Jurisdiction – Failure to Arbitrate</u><br><u>Rule 12(b)(1) of the Federal Rules of Civil Procedure</u>

Despite having previously agreed in the Plaintiff's Handbook to arbitrate any material work-related dispute between the parties, Plaintiff has instead circumvented that prior commitment and obligation, having since filed the Complaint now at issue.  The Eleventh Circuit treats a motion to compel arbitration as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

*Tracfone Wireless, Inc. v. Simply Wireless, Inc.*, 229 F. Supp. 3d 1284, 1292 (S.D. Fla. 2017). Accordingly, in ruling on a motion to compel arbitration, the Court may consider matters outside of the four corners of the complaint. *Id*. "Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of arbitration agreements." *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (cleaned up).

Whether an arbitration agreement exists is "simply a matter of contract." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) hereinafter "*Bazemore*" (cleaned up). The Federal Arbitration Act ("FAA") creates a presumption of arbitrability, but that presumption does not apply to disputes over whether an agreement to arbitrate exists. *Id*. Courts employ a summary judgment standard on motions to compel arbitration and may conclude parties did or did not enter into an arbitration agreement as a matter of law only if "there is no genuine dispute as to any material fact" concerning the formation of such an agreement. *Id*. at 1333.

## ARGUMENT ON THE MERITS

**I.**     **Plaintiff's Complaint Fails to Meet the Minimum Pleading Requirements - Prohibition Against "Shotgun" Pleadings Mandated by Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure.**

Once more, pleadings must contain "a short and plain statement of the claim showing that the [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "a complaint 'does not need detailed factual allegations,'" [it] must nevertheless "provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Wistar*, 365 F. Supp. 3d at 1268 (quoting *Bell Atl. Corp.,* 550 U.S. at 555). Plaintiff cannot simply make "naked assertions" without any "further factual enhancement." *Bell Atl. Corp.*, 550 U.S. at 557. Moreover, Defendant Johansson must be sufficiently informed of the conduct that forms the basis of the charges against him, and because the Complaint merely contains conclusory allegations, is devoid of time and scope, and otherwise fails to distinguish the alleged conduct of multiple co-defendants, it fails to apprise Defendant of the factual basis of the Plaintiff's claims, it violates Rules 8 and 10 of the Federal Rules of Civil Procedure, and it warrants dismissal by this Court.

While the Complaint is replete with numerous conclusions of law and fact, it is entirely devoid of detail and specificity.  By way of example, the Complaint allege in support of its claim that Defendant committed fraud, the Complaint alleges the following:

"**COUNT II: FRAUD**

**25.     Defendants Peter Johansson and Charles Gilstrap jointly engaged in fraudulent misrepresentations and omissions regarding:**

-     **The financial solvency of ByoPlanet**

-     **The Promark contract and product quality**

-     **The ownership and resale of Promark.**"

*Dkt. 1-3; pg.6.*   The Complaint fails to allege whether Defendant actually knew the financial solvency of ByoPlanet and further fails to allege how Defendant could have known about alleged inferior product quality issues in advance of the purchase. Defendant and his counsel are forced to guess as to what specific conduct or misconduct Defendant is alleged to have committed, and the Defendant is otherwise unable to prepare a meaningful defense. Defendant cannot determine what conduct, specifically, is imputed to him.   Moreover, the Defendant is unable to ascertain when this alleged fraudulent conduct occurred, how the alleged fraudulent misrepresentations occurred, where the alleged misconduct occurred, whether the alleged misrepresentations were concealed, and how Defendant's allegedly misrepresented ByoPlanet's financial solvency or the Promark contract and product quality.     Moreover, the Complaint fails to allege why this alleged misrepresentation occurred and whether  any actual benefit was received by Defendant. Simply put, the Complaint contains very few actual factual allegations but is replete with conclusions of law and fact.  In addition to the Complaint's  mere conclusory allegations and lack of particularity, the Complaint is also misnumbered and fails to meaningfully distinguish one defendant from the other.   Ultimately, the Complaint constitutes an improper "shotgun pleading," and because the Complaint fails to otherwise meet the minimum pleading requirements mandated by Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure, the Complaint should be dismissed as a matter of law.

**II.** **The Complaint Fails to State a Cause of Action Upon Which Relief May be Granted Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, *Erickson v. Pardus*, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir.2008) (citing *Bell Atl. Corp.* 550 U.S. at 555–56); see also *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

Any time this Court is tasked with ruling on a motion to dismiss pursuant to Rule 12(b)(6), this Court traditionally accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson,* 372 F.3d at 1262. Furthermore, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens,* 901 F.2d at 1573. But, [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555 (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. By way of example, in support of its Breach of Fiduciary Duty claim, the Complaint provides the following:

"**COUNT 3: BREACH OF FIDUCIARY DUTY**

**24.** **As COO and CFO, Defendants had a fiduciary duty to act in the best interests of ByoPlanet and its shareholders.**

**25.** **Defendants violated this duty by engaging in self-dealing and reckless financial management.**

**26.** **These actions causes direct and measurable harm, making Defendants liable for damages.**"

*Dkt. 1-3; pg. 7.* The Complaint fails to allege that Defendant concealed his conduct and further fails to allege that Defendant received any sort of benefit, financial or otherwise.

Although the Plaintiff is not necessarily held to a very high standard in Defendant's motion to dismiss for failure to state a claim upon which relief may be granted, some minimal pleading standard does exist. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir.), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson*, 372 F.3d at 1262-63 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). To survive a motion to dismiss, Plaintiff must do more than merely state legal conclusions; Plaintiff is required to allege some specific factual bases for those conclusions or face dismissal of its claims. *Jackson*, 372 F.3d at 1263. Because Complaint contains nothing more than conclusory allegations devoid of detail, the Complaint must be dismissed as a matter of law.  The Complaint should also be dismissed due to Plaintiff's failure to allege with the requisite level of particularity, thereby rendering the case nearly indefensible.

a. **Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. Sections 1961-1968).**

Plaintiff's Complaint must plausibly allege all the elements of the claim for relief. *Iqbal*, 556 U.S. at 678. Conclusory allegations and legal conclusions are not sufficient; the plaintiffs must "state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 557 and 570. Count One of the Complaint, which alleges violations of the civil RICO act, should be dismissed as a matter of law, not only because it fails to meet the minimum pleading requirements of the Federal Rules of Civil Procedure, but because it also fails to state a cause of action upon which relief may be granted. The Complaint lacks any specific allegations which serve to establish who, how, why, or when Defendant purportedly violated the RICO statute, and instead merely alleges that a violation occurred. For example, Plaintiff alleges in relevant part:

"**19.   Defendants engaged in a pattern of racketeering activity by committing:**

-   **Wire Fraud (18 U.S.C. Section 1343) by using electronic communications to carry out the fraudulent transactions.**

-   **Mail Fraud (18 U.S.C. Section 1341) by sending false invoices and documentation related to overpayments and defective products.**"

Although "[Plaintiff] need not plead 'detailed factual allegations[,] ... a formulaic recitation of the elements of a cause of action will not do,' " and the plaintiff must offer in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.' " *Bell Atl. Corp.*, 550 U.S. at 555. While Plaintiff's Complaint summarily contains references to mail fraud and wire fraud, Plaintiff's formulaic recitation of the statutory elements of the offense fails as a matter of law.

In the matter before this Court, Defendant is unable to ascertain what specific misconduct he is charged with having committed, and thus Defendant is unable to develop any sort of meaningful defense without relying heavily on speculation. Said more succinctly, Plaintiff fails to

allege which Defendant did what by failing to distinguish the Defendants in any meaningful way. Defendant is further unable to determine 'when' this alleged misconduct was committed, what benefits Defendant received, whether actual or speculative. Lastly, Plaintiff fails to allege that any of the Defendant's alleged misconduct was hidden or secretive or was otherwise committed without the Plaintiff's knowledge or consent. The Complaint should be dismissed for any or all of these reasons.

Section 1962(d) of the RICO statutes makes it illegal for anyone to conspire to violate one of the substantive provisions of RICO, including § 1962(c). 18 U.S.C. § 1962(d). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.1997) (quoting *United States v. Church*, 955 F.2d 688, 694 (11th Cir.1992)). A plaintiff need not offer direct evidence of a RICO agreement; the existence of conspiracy "may be inferred from the conduct of the participants." *Id*. at 950 (quoting Church, 955 F.2d at 695). Plaintiff's Complaint fails to allege what the overall objective of the conspiracy was, what benefit Defendants received, and what harm or damages were sustained by Plaintiff. Furthermore, Plaintiff fails to adequately allege two or more predicate acts with the requisite degree of particularity required by the Federal Rules of Civil Procedure. While Complaint contains references to mail and wire fraud, Plaintiff does not allege that Defendant committed two or more predicate offenses in furtherance of any alleged conspiracy.

For claims involving "fraud," such as racketeering, "a party must state with particularity the circumstances constituting fraud or mistake." *Fed. R. Civ. P. 9(b)*; see also *Lamm v. State St. Bank & Trust*, 749 F.3d 938, 951 (11th Cir. 2014) hereinafter "*Lamm*" (negligent

misrepresentation); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) hereinafter "*Am. Dental Ass'n*" (racketeering acts).   To state a civil claim under the federal Racketeering Act, 18 U.S.C. § 1964(c), a complaint must allege "that the defendant committed a pattern of ... predicate acts," "that the plaintiff suffered injury to business or property," and "that the defendant's racketeering activity proximately caused the injury." *Id*. at 705 (citations omitted). "In order to prove a pattern of racketeering ..., a plaintiff must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity." *Am. Dental Ass'n*, 605 F.3d at 1290–91. To prove proximate causation, "[t]he connection between the racketeering activity and the injury can be neither remote, purely contingent, nor indirect." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1349 (11th Cir. 2016) (citations omitted).

Plaintiff's claim of RICO against Defendant fails, because Complaint fails to meet the minimum pleading requirements mandated by Rules 8 and 10 of the Federal Rules of Civil Procedure.   The Complaint consists almost entirely of conclusions of law and fact and fails to distinguish the Defendants in any meaningful way.  For this reason, Defendant is unable to develop a meaningful defense. The Complaint also fails because it does not sufficiently allege what predicate acts Defendant committed in furtherance of the alleged conspiracy, fails to allege that Defendant's alleged misconduct was performed without Plaintiff's knowledge, consent, and participation and involvement.  For these reasons, and because the Complaint otherwise fails to allege an underlying violation of the racketeering acts, the Complaint should be dismissed as a matter of law. *Jackson*, 372 F.3d at 1269.  Lastly, as the Complaint further fails to allege 'who' specifically committed the alleged offenses, 'when' the alleged misconduct occurred, 'how' the Plaintiff was harmed, what benefit Defendant received, and what injury or damage Plaintiff sustained as a result.  For these reasons, the Complaint should be dismissed as a matter of law.

### b. **Fraud.**

The Complaint must plausibly allege all the elements of the claim for relief. *Iqbal*, 556 U.S. at 678. Conclusory allegations and legal conclusions are not sufficient; the plaintiffs must "state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 557 and 570. For the claims of fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Lamm*, 749 F.3d at 951 (negligent misrepresentation); *Am. Dental Ass'n.*, 605 F.3d at 1291 (racketeering acts). "[A] plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff[ ]; and (4) what the defendant[ ] gained by the alleged fraud.' " *Am. Dental*, 605 F.3d at 1291 (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997)).

Federal Rule of Civil Procedure 9(b) requires that, for complaints alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). Rule 9(b) requires a complaint to set forth "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (citation omitted). The failure "to satisfy Rule 9(b) is a ground for dismissal of a complaint." *Id*. (citation omitted). "The Rule 9(b) standard is satisfied if the complaint sets forth the precise statements complained of and the contextual information

surrounding those statements, such as the identities of the speakers, the dates and times that the statements were made, and the contents of the statements." *Rana Financial, LLC v. City Nat'l Bank of N.J.*, 347 F. Supp. 3d 1147, 1155 (2018) hereinafter "*Rana Fin.*" (citation omitted). The Complaint, on its face, does not meet this high standard and should be dismissed, accordingly.

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Fed.R.Civ.P. Rule 9(b)*. "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.' " *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997)). "A sufficient level of factual support for a claim may be found where the circumstances of the fraud are pled in detail. 'This means the who, what, when where, and how: the first paragraph of any newspaper story.' " *Gross v. Medaphis Corp.*, 977 F.Supp. 1463, 1470 (N.D.Ga.1997) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990)); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

### c.  **Breach of Fiduciary Duty.**

Plaintiff alleges in its Complaint that Defendant breached his fiduciary duty owed to Plaintiff.  However, the Plaintiff fails to allege any actual fact in support thereof.  In fact, Plaintiff even fails to identify Defendant's prior position in Plaintiff's company.  Instead, the Plaintiff merely makes two conclusory statements to support its allegation that Defendant breached his fiduciary duty by virtue of some unidentified "side-dealing" and "reckless financial

mismanagement" which caused "direct and measurable harm, making Defendants liable for damages." (Dck. 1-3, pg. 7). Both under a 'sufficiency of the evidence' analysis determining a plaintiff's compliance, as well as an analysis performed pursuant to Rule 8 and Rule 10 of the Federal Rules of Civil Procedure, the Complaint fails as a matter of law and should be dismissed.

The elements of a breach of fiduciary duty claim under Florida law are: (1) "the existence of a fiduciary duty"; (2) "breach of that duty"; and (3) "damages proximately caused by the breach." *Rana Fin.*, 347 F. Supp. 3d at 1153 (citation omitted). The Plaintiff's Complaint fails to adequately plead two of these elements: the existence of a duty (in part) and damages. Plaintiff therefore fails to state a claim for breach of fiduciary duty. The Plaintiff alleges in its Complaint that Defendant breached his fiduciary duty to Plaintiff. However, the Complaint lacks a single factual allegation in support thereof.

The Complaint also fails, in part, to plausibly plead the element of "damages proximately caused by the breach" of fiduciary duty. *Rana Fin.*, 347 F. Supp. 3d at 1153. The Complaint does not allege that any damages were caused by the Defendant's alleged breach, only that "direct harm" was caused. See Dkt. No. 1-3 at 6. For this additional reason, Plaintiff's Complaint should be dismissed as a matter of law.

**d. <u>Corporate Waste</u>.**

Where there are allegations of corporate waste, as is the case with Plaintiff's Complaint, the proper course of action under Florida law is for the Plaintiff to file a shareholder derivation suit. *Orlinsky v. Patraka*, 971 So.2d 796, 801 (Fla. 4th DCA 2007) ("A shareholder must file a derivative action for breach of fiduciary duty, claiming that the payment of excessive compensation constitutes corporate waste."). Moreover, allegations of corporate waste are traditionally couched in terms of a breach of fiduciary duty. However, for reasons unknown Plaintiff seemingly attempts

to charge Defendant with having somehow separately committed corporate waste by deciding to pay twice as much for certain, unspecified products that were ultimately defective, for which Plaintiff suggests no rational business justification for that decision otherwise exists.

While not present in the case before this Court, corporate waste exists when the payment is afforded without 'adequate' consideration." *Int'l Ins. Co. v. Johns*, 874 F.2d 1447, 1461 1989 WL 52414, hereinafter "*Johns*".   In the matter before the Court, any "payment" referenced in Plaintiff's count four did not benefit Defendant.   Defendant received no benefit, financial or otherwise, for Plaintiff's business decision to change suppliers.   Furthermore, because of Defendant's role in the company, Defendant did not have the sole legal authority to bind the company.   Plaintiff's majority shareholder and chief executive officer, as well as its board of directors approved the change in supplier.  *Cox Enterprises, Inc. v. News-Journal Corp.*, No. 604-CV-698-ORL-28KRS, 2008 WL 5142417, at (M.D. Fla. Dec. 5, 2008); see also *Johns*, 874 F.2d at 1458 (noting that "Florida specifically empowers the directors to fix their own compensation ... For matters that Florida law vests in the board, the board has wide discretion, and a court generally will not substitute its judgment for that of the directors.... This deference given [to] the board is known as the business judgment rule.") (footnotes omitted).

The Complaint fails to state a cause of action for 'corporate waste' upon which relief may be granted and must be dismissed.

### III.     Plaintiff Fails to Allege 'Fraud' With Requisite Particularity Mandated by Rule 9(b) of the Federal Rules of Civil Procedure

In the matter before the Court, Count Two of the Complaint fails and should be dismissed as a matter of law, because it lacks the requisite particularity mandated by Rule 9(b) of the Federal Rules of Civil Procedure. In support of its contention that Defendant committed fraud, Plaintiff's Complaint alleges that Defendant concealed the true costs and defects of certain products,

misrepresented the necessity of a "supplier switch," and approved unjustifiable overpayments. (Dkt. 1-3; pg. 6). However, Plaintiff fails to allege 'how' any misrepresentations occurred, 'when' Defendant allegedly made any such misrepresentation, or to 'whom' Defendant's misrepresentations were made. Furthermore, the Complaint fails to allege why Defendant would make such alleged fraudulent misrepresentations or how Defendant benefited from any such fraudulent conduct. Lastly, Plaintiff fails to allege with sufficient particularity that Defendant's conduct was somehow performed in secrecy and without the knowledge and consent of Plaintiff and further fails to sufficiently allege how Plaintiff was harmed. For these reasons, the Complaint should be dismissed as a matter of law.

Once more, Rule 9(b) of the Federal Rules of Civil Procedure requires the Plaintiff to set forth "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." See *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (citation omitted). Because the Plaintiff has failed to satisfy Rule 9(b) of the Federal Rules of Civil Procedure, and because Plaintiff's failure "to satisfy Rule 9(b) is a ground for dismissal of [its] complaint" this Court should dismiss Plaintiff's complain, accordingly. See *Id*. (citation omitted).

## IV. <u>This Court Lacks Subject Matter Jurisdiction</u>

During the application and hiring process relevant to the case before this Court, Defendant was required to sign ByoPlanet's Handbook containing a mandatory Dispute Resolution Policy. See Handbook page 75-86. Additionally, Defendant was presented with, and required to also sign a separate, standalone "Acknowledgement of Receipt of Employee Handbook," which attached

hereto and incorporated by reference.  See *Exhibit B*. This separate, standalone "Acknowledgment" provides in relevant part:

"I understand that this Handbook supersedes and replaces any and all previous employee handbooks, memos, and inconsistent verbal or written policy statements.  ByoPlanet reserves the right to deviate from, withdraw, change, or add to the policies contained in the Handbook at its sole discretion, as the policies, information, and benefits described within ByoPlanet's Employee Handbook and other Company policies are subject to change, ***except that both the employee and ByoPlanet are bound by and will comply with ByoPlanet's Dispute Resolution Policy***." (Emphasis added). See *Exhibit B*. The Plaintiff's Employee Handbook, Dispute Resolution Policy, and separate, standalone Acknowledgement all unambiguously mandate the parties to arbitrate any work-related dispute.  For this reason, this Court lacks the requisite subject matter jurisdiction and should dismiss the Complaint accordingly and direct the parties to arbitration.

Whether an arbitration agreement exists is "simply a matter of contract." *Bazemore* 827 F.3d at 1329 (cleaned up).   In the absence of an enforceable arbitration agreement in an employee handbook, Florida courts have focused on the language used in the acknowledgment form that documents an employee's receipt of an employment handbook to decide whether the acknowledgment is a binding agreement to arbitrate. Where an acknowledgment form expressly contains arbitration language, courts have compelled arbitration.  In *Owens v. Brookwood Medical Center of Tampa, Inc.*, No. 95–1938–Civ–T–25(B), 1996 U.S. Dist. LEXIS 8400, 1996 WL 376772 (M.D. Fla. March 21, 1996), this Court granted a motion to compel arbitration based on an acknowledgment form that expressly conditioned plaintiff's employment on an agreement to arbitrate:

> The Court concurs with Plaintiff's view that the arbitration provision in Defendant's handbooks are not binding. However ... [b]y signing the acknowledgment

> containing this [arbitration] provision, Plaintiff accepted arbitration as a condition of her continued employment with AMI. This acknowledgment is a written agreement contemplated by 9 U.S.C. § 3.

Owens, 1996 U.S. Dist. LEXIS 8400, 1996 WL 376772 at —— 1–2. (Emphasis added).

Similarly, in *Lemmon v. Lincoln Property Co.*, 307 F. Supp. 2d 1352, 1354–55 (M.D. Fla.2004) hereinafter "*Lemmon*", the Middle District of Florida compelled arbitration where the "Employee Handbook Acknowledgment and Agreement to Arbitrate" form expressly set forth the plaintiff's agreement to arbitrate. Judge Antoon cited with approval the reasoning of the Eighth Circuit decision, *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832 (8th Cir.1997), that "found that even though the handbook was not a contract, the arbitration language in the acknowledgment formed a binding contract." (Emphasis added). *Lemmon*, 307 F.Supp.2d at 1355. Alternatively, Florida courts will find in favor of an enforceable agreement to arbitrate if the acknowledgment incorporates by reference the arbitration policy contained in an employee handbook. *World Rentals and Sales, LLC v. Volvo Construction Equipment Rents, Inc.*, 517 F.3d 1240, 1254 (11th Cir.2008).

In the case before this Court, Defendant was required to consent to the dispute resolution policy proscribed by ByoPlanet's Employee Handbook as a condition of employment. *Exhibit A*. Defendant was also required to sign a separate, standalone Acknowledgement, further committing to ByoPlanet's dispute resolution policy. Despite Plaintiff's decision to ignore its policy and bring what now amounts to two separate lawsuits against Defendant in two separate courts, the Plaintiff's circumvention of policy nevertheless strips this Court of subject matter jurisdiction. For this reason, the Complaint must be dismissed as a matter of law and this Court should direct the parties to arbitration, accordingly.

Based on the reasons and citations of authority provided herein, Defendant respectfully requests this Court to dismiss Plaintiff's Complaint as a matter of law, as more fully set forth

herein.  Additionally, or in the alternative, Defendant respectfully requests this honorable Court to direct or order the parties to arbitration.

**RESPECTFULLY SUBMITTED** this 9th day of May, 2025.

**/s/ GUS HARPER, ESQUIRE**
GUS HARPER, ESQ
Florida Bar # 0881791
JOHN T. LAVIA, III, ESQ.
Florida Bar # 853666
Gardner, Bist, Bowden, Dee,
LaVia, Wright, Perry & Harper, P.A.
1300 Thomaswood Drive
Tallahassee, FL 32308
Telephone: (850) 385-0070
Facsimile: (850) 385-5416
E-mail:  gus@gbwlegal.com
Email:  jlavia@gbwlegal.com
Secondary E-mail:  cindy@gbwlegal.com
Secondary E-mail:  rhonda@gbwlegal.com

Attorneys for Defendant Peter Johansson

## CERTIFICATE OF COMPLIANCE

I HEREBY certify that the size and style font used in this Motion complies with the Federal Rules of Civil Procedure and this Court's Local Rules and that the Motion otherwise complies with the word count requirement and is comprised of 7,274 applicable words.

/s/ GUS HARPER, ESQUIRE
Attorney

24

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the

E-Portal electronic delivery process to the following this 9th day of May, 2025:

James M. Paul
Justice Law Group, LLP
850 Southeast 8th Avenue
Fort Lauderdale, Florida 33316
jpaul@justicelawgroup.ai

By:      */s/ GUS HARPER, ESQUIRE*
GUS HARPER, ESQ
Florida Bar # 0881791
JOHN T. LAVIA, III, ESQ.
Florida Bar #853666
Gardner, Bist, Bowden, Dee,
LaVia, Wright, Perry & Harper, P.A.
1300 Thomaswood Drive
Tallahassee, FL 32308
Telephone: (850) 385-0070
Facsimile: (850) 385-5416
E-mail:  gus@gbwlegal.com
Email:  jlavia@gbwlegal.com
Secondary E-mail:  cindy@gbwlegal.com
Secondary E-mail:  rhonda@gbwlegal.com

Attorneys for Defendant Peter Johansson