IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| BYOPLANET INTERNATIONAL, LLC, § § Plaintiff, § § § Civil Action No. 0:25-cv-60630-WPD v. § § PETER JOHANSSON and § CHARLES GILSTRAP, § § Defendants. § | |

## DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Charles Gilstrap ("Gilstrap") hereby moves to dismiss Plaintiff's Complaint for Violation of Federal Racketeering Statute, Fraud, Breach of Fiduciary Duty, Corporate Waste, Unjust Enrichment, & Other Relief (Dkt. No. 1) ("Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof, would respectfully show as follows:

### I.
### INTRODUCTION & SUMMARY OF ARGUMENT

Plaintiff ByoPlanet International, LLC ("ByoPlanet" or "Plaintiff") fails to state any claim for relief against Defendant Gilstrap, and its claims against Gilstrap must therefore be dismissed. First, ByoPlanet fails to plead multiple essential elements of a civil claim under the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), and also fails to plead the allegations underlying that claim with particularity, as required by Federal Rule of Civil Procedure 9(b). Plaintiff therefore cannot state a RICO claim against Gilstrap. Second, ByoPlanet's claim for fraud fails not only due to noncompliance with Rule 9(b), but also ByoPlanet's failure to plead the majority of the essential elements of fraud. Third, ByoPlanet's

claim for "corporate waste" fails because that is not a recognized cause of action under Florida law. Even if properly treated as a breach of fiduciary claim, ByoPlanet's corporate waste allegations still fail to state a viable claim for relief. Fourth, ByoPlanet's claim for breach of fiduciary duty fails because the Complaint does not plausibly allege the essential element of breach. Fifth, Plaintiff's fraud, RICO, and breach of fiduciary duty claims are time-barred in part. And sixth, to the extent that ByoPlanet is asserting an unjust enrichment claim, it has failed to plead any elements or details of that claim whatsoever, and it must therefore be dismissed.

## II.
## RELEVANT PROCEDURAL HISTORY

Plaintiff filed this action on or about April 1, 2025, alleging claims under the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), fraud, breach of fiduciary duty, corporate waste. Dkt. No. 1 at 1, 5–7. Defendant Gilstrap has not yet answered or filed a responsive pleading to the Complaint. Defendant Peter Johanssen ("Johanssen") has filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) and to compel arbitration (Dkt. No. 24). No discovery has been taken and an initial conference has not yet been held. Another suit filed by ByoPlanet and Richard O'Shea against Gilstrap is currently pending in this district (No. 0:25-cv-60647-RS) with many overlapping claims.[1]

## III.
## LEGAL STANDARD

Pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint 'does not need detailed factual allegations,'" but it must "provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Wistar v. Raymond James Fin. Servs., Inc.*, 365 F.

---

[1] Gilstrap expressly reserves the right to move to consolidate all suits filed in this District that are related to the instant case.

Supp. 3d 1266, 1268 (S.D. Fla. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff cannot simply make "naked assertions" without any "further factual enhancement." *Bell Atl. Corp.*, 550 U.S. at 557.

Although the Court must generally take the plaintiff's well-pleaded allegations as true when deciding a motion to dismiss pursuant to Federal Rule 12(b), that general rule is inapplicable to legal conclusions and does not preclude consideration of "obvious alternative explanations" for the alleged conduct at issue. *Wistar*, 365 F. Supp. 3d at 1269 (citation and quotation marks omitted).

## IV.
## ARGUMENTS & AUTHORITIES

**A.      Plaintiff fails to state a civil RICO claim.**

"A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020) (citation omitted). RICO allegations based on mail or wire fraud must be pleaded with particularity, pursuant to Federal Rule of Civil Procedure 9(b). *See, e.g.*, *id.* at 1216. This requires pleading "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff; and (4) what the defendants gained by the alleged fraud." *See id.* (citation and quotation marks omitted). Here, ByoPlanet fails to state a RICO claim because its allegations do not satisfy Rule 9(b), and because it fails to adequately plead the essential elements of an enterprise, a pattern, racketeering activity consisting of at least two predicate acts, and causation.

1. **Plaintiff's RICO allegations are not particular enough to satisfy Rule 9(b).**

Plaintiff's RICO allegations do not meet the standards of Rule 9(b). The Complaint alleges wire fraud based on "electronic communications" and mail fraud based on "false invoices or documentation[.]" Dkt. No. 1 at 6. However, the Complaint fails to identify the specific (or even the general) contents, time, or place of those documents and communications, and does not specify which Defendant(s) created or transmitted them. *See* Dkt. No. 1 at 3–6. ByoPlanet also does not specify what Gilstrap supposedly gained by the alleged scheme (if anything), or how that alleged scheme "resulted in financial harm to ByoPlanet and its shareholders[.]" Dkt. No. 1 at 6. The Complaint's lack of these key details is fatal to ByoPlanet's RICO claim. *See Cisneros*, 972 F.3d at 1216.

The Complaint also fails to satisfy Rule 9(b) because Plaintiff's allegations "blend[] the identities of the defendants[.]" *Cisneros*, 972 F.3d at 1217; *see* Dkt. No. 1 at 5–6. Plaintiff's RICO cause of action pleading, specifically, does not distinguish between all of the acts of Gilstrap and the acts of Defendant Johansson—nor does the Complaint specify which Defendant allegedly committed mail fraud or wire fraud. *See* Dkt. No. 1 at 5–6. This "is precisely the kind of vagueness in fraud pleadings Rule 9(b) was designed to prevent[,]" and warrants dismissal *Cisneros*, 972 F.3d at 1217 (citation omitted).

2. **Plaintiff fails to allege the essential element of an enterprise.**

Even if Plaintiff's allegations were sufficient under Rule 9(b) (which they are not), the Complaint still fails to state a RICO claim because it does not plausibly allege the essential element of an enterprise. "A RICO enterprise is 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal

entity.'" *Cisneros*, 972 F.3d at 1211 (quoting 18 U.S.C. § 1961(4)). Plaintiff alleges that Gilstrap and Defendant Johansson participated in the alleged scheme, but does not allege any details of the supposed enterprise they formed. Most critically, Plaintiff fails to allege any common purpose shared between Johansson and Gilstrap, or the object of their alleged scheme. *See* Dkt. No. 1 at 4–6. In fact, the Complaint only alleges that Promark (not Defendants) benefited from the alleged scheme. *See* Dkt. No. 1 at 3–4. Plaintiff's allegations are insufficient to plead the essential element of an enterprise, and Plaintiff's RICO claim must be dismissed as a result. *See Cisneros*, 972 F.3d at 1211–12.

### 3. **Plaintiff does not sufficiently plead the essential elements of a pattern and of racketeering activity consisting of two or more predicate acts.**

ByoPlanet's allegations are too vague and non-specific to show a pattern of racketeering activity, and fail to establish these essential elements of a RICO claim. ByoPlanet must show that Gilstrap "participated in the affairs" of the alleged RICO enterprise "through a 'pattern of racketeering activity,' which requires 'at least two acts of racketeering activity.'" *Cisneros*, 972 F.3d at 1215 (quoting 18 U.S.C. §§ 1962(c), 1961(5)). "An act of racketeering activity (or "predicate act") "includes any of a long list of state and federal crimes." *Id.* (citation omitted). "A plaintiff must plead enough facts with respect to each predicate act to make it independently indictable as a crime." *Id.* In addition to pleading "the requisite number of individually chargeable predicate acts," a plaintiff must also allege "criminal conduct of a continuing nature." *Id.* (citation and quotation marks omitted). "A plaintiff can do so either by alleging a series of related predicates extending over a substantial period of time"—meaning a matter of years—"or the threat of continuity." *Id.* (citation and quotation marks omitted). "To show the 'threat of continuity,' a plaintiff must allege either that the alleged acts were part of the defendants' regular way of doing business, or that the illegal acts threatened repetition in the future." *Id.* ByoPlanet's allegations do

not meet these standards because it has not adequately pleaded at least two predicate acts or criminal conduct of a continuing nature, as explained further below.

ByoPlanet alleges two predicate acts by Defendants: (1) mail fraud, based on "sending false invoices and documentation related to the overpayments and defective products"; and (2) wire fraud, based on "using electronic communications to carry out the fraudulent transactions." Dkt. No. 1 at 6. ByoPlanet does not connect its factual allegations to these alleged predicate acts sufficiently to plausibly show that they would be "independently indictable" as crimes. *Cisneros*, 972 F.3d at 1215. Specifically, ByoPlanet fails to plead which aspects of the alleged scheme were accomplished via false invoices/documents or electronic communication. *See* Dkt. No. 1 at 4–6. predicate act by Gilstrap. Dkt. No. 1 at 6. Based on ByoPlanet's own allegations, it appears that any invoices and documentation related to the supposedly-defective products would have been issued by Promark, not Gilstrap. *See* Dkt. No. 1 at 1–6. Additionally, the fact that ByoPlanet does not distinguish <u>which</u> Defendants did each predicate act is in itself fatal, since ByoPlanet must give each Defendant notice of the claim against it and cannot rely on that kind of generic "shotgun pleading." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015); Dkt. No. 1 at 5–6.

Second, ByoPlanet does not plead criminal conduct of a continuing nature, which is required in order to show a pattern of racketeering activity. *See Cisneros*, 972 F.3d at 1215. Other than an isolated reference to "early 2021[,]" the Complaint lacks any references whatsoever to the time period in which the alleged acts occurred. Dkt. No. 1 at 4; *see* Dkt. No. 1 at 1–6. ByoPlanet has not pleaded that the alleged acts occurred over the course of multiple years, and therefore has not shown that they extended over a substantial period of time. ByoPlanet also does not allege anywhere that Gilstrap's purported acts were part of his "regular way of doing business" or that

those acts "threatened repetition in the future." *Cisneros*, 972 F.3d at 1215; *See* Dkt. No. 1 at 1–6. It has therefore not shown the threat of continuity, either. *See Cisneros*, 972 F.3d at 1215. In addition to ByoPlanet's inadequate pleading of predicate acts, because ByoPlanet alleged neither acts "extending over a substantial period of time" nor the "threat of continuity," it has not pleaded a pattern of racketeering activity, and its RICO claim must be dismissed.

**4. Plaintiff does not adequately plead the essential element of causation.**

Even if Plaintiff had adequately pleaded an enterprise and pattern of racketeering activity (which it has not), its RICO claim must nevertheless fail because it has not pleaded the essential element of causation.

To show proximate causation for purposes of a civil RICO claim, "[t]he connection between the racketeering activity and the injury can be neither remote, purely contingent, nor indirect." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1349 (11th Cir. 2016). The question courts examine is, accordingly, "whether the alleged violation led directly to the plaintiff's injuries." *Corcel Corp., Inc. v. Ferguson Enters., Inc.*, 551 F. App'x 571, 576 (11th Cir. 2014) (citation and quotation marks omitted).

Here, Plaintiff's Complaint pleads a mere legal conclusion to show causation: "Defendants['] actions resulted in financial harm to ByoPlanet and its shareholders, meeting the statutory elements for a civil RICO claim." Dkt. No. 1 at 6. This is insufficient because it is conclusory. *See, e.g.*, *Bell Atl. Corp.*, 550 U.S. at 555–57; *Marrero v. Benitez*, No. 1:17-cv-20126-UU, 2017 WL 7796341, at *12–13 (S.D. Fla. Aug. 3, 2017). The factual allegations in the Complaint add no clarity to Plaintiff's RICO claim. Plaintiff alleges vaguely that Gilstrap enabled Johansson's alleged over-spending, "contributing to ByoPlanet's insolvency[,]" and that the Promark agreement purportedly facilitated by Defendants "culminat[ed] in the financial collapse

of ByoPlanet and direct harm to Plaintiff[.]" Dkt. No. 1 at 4–5. These factual allegations do not show proximate cause. There are not enough supporting allegations to plausibly plead that Gilstrap's purported acts directly caused "financial harm to ByoPlanet[.]" Dkt. No. 1 at 6. Plaintiff has therefore failed to state a civil RICO claim based not only on the elements addressed *supra*, but also causation.

ByoPlanet has failed to plead at least one essential element of a civil RICO claim as to Gilstrap. Its RICO claim must therefore be dismissed.

**B.**     **ByoPlanet fails to state a claim for fraud against Gilstrap.**

ByoPlanet's fraud claim must be dismissed for failure to state a claim because: (1) the Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b); and (2) the Complaint does not plead three of the four essential elements of a fraud claim.

**1. The Complaint's fraud allegations fail because they are noncompliant with Federal Rule of Civil Procedure 9(b).**

To survive a motion to dismiss, fraud claims must "state with particularity the circumstances constituting fraud or mistake" in accordance with Federal Rule of Civil Procedure 9(b). "The Rule 9(b) standard is satisfied if the complaint sets forth the precise statements complained of and the contextual information surrounding those statements, such as the identities of the speakers, the dates and times that the statements were made, and the contents of the statements." *Rana Fin., LLC v. City Nat'l Bank of N.J.*, 347 F. Supp. 3d 1147, 1155 (S.D. Fla. 2018) (citation omitted). The Complaint, on its face, does not meet this high standard. It alleges three types of supposed fraud, without any further detail: (1) "[c]oncealing the true costs and defects of the Promark products"; (2) misrepresenting the necessity of substituting Promark as a supplier; and (3) "[a]pproving unjustifiable overpayments." Dkt. No. 1 at 6. The first category does not even involve Gilstrap; it is pleaded solely as an act taken by Johansson. *See* Dkt. No. 1 at 3.

Plaintiff alleges that Gilstrap approved the Promark contract "without proper review or board authorization[,]" but does not explain how allegedly doing so was fraudulent or a misrepresentation. Dkt. No. 1 at 4. More importantly, Plaintiff's allegations concerning this alleged fraud lack any dates, details, or other specifics required to satisfy the high standard of Rule 9(b). *See* Dkt. No. 1 at 4–6; *Rana Fin.*, 347 F. Supp. 3d at 1155.

The second category, similarly, is inadequately pleaded because the Complaint does not allege anywhere when and how the alleged misrepresentations were made, or to whom they were made. *See generally* Dkt. No. 1. This category of alleged fraud also appears to pertain only to Johansson, rather than Gilstrap. *See* Dkt. No. 1 at 3–4.

The third alleged category of alleged fraud is insufficiently pleaded because ByoPlanet does not allege when and how the alleged overpayments were approved, and who approved them—nor does it allege why such approvals were fraudulent. *See generally* Dkt. No. 1.

The Complaint is entirely void of the facts, dates, and details required to satisfy Rule 9(b), and Plaintiffs' claim for fraud must therefore be dismissed.

**2. ByoPlanet fails to adequately plead three out of the four essential elements of a fraud claim.**

The Complaint not only fails to satisfy Rule 9(b), but also fails to plead multiple essential elements of fraud. The elements of fraud under Florida law are: "(1) [a] false statement of material fact or suppression of truth by the defendant; (2) that the defendant knew the statement was false; (3) the defendant intended the false statement or omission to induce the plaintiff's reliance; and (4) the plaintiff justifiably relied to his detriment." *Grills v. Philip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1122–23 (M.D. Fla. 2009). ByoPlanet does not plausibly plead most of these elements, as explained further below.

The Complaint fails to meet the first element because it does not plead which specific acts by which Defendants specifically constituted "fraudulent misrepresentations or omissions[,]" and how concealing costs of the Promark products or approving overpayments constituted omissions or misrepresentations. Dkt. No. 1 at 6. Although ByoPlanet alleges that Defendants "[m]isrepresent[ed] the necessity of the supplier switch" to Promark, that is insufficient. *Id.* Necessity is a subjective matter, so this allegation is neither a "false statement of <u>material fact</u>" nor "a suppression of <u>truth</u>" as required by Florida law. *Grills*, 645 F. Supp. 2d at 1122 (emphasis added). Additionally, the Complaint alleges that Johansson—not Gilstrap—made the decision to switch suppliers to Promark and concealed the associated costs. *See* Dkt. No. 1 at 3–4. For this reason as well, the Complaint does not plausibly plead any fraudulent misrepresentation or omission by Gilstrap.

The Complaint completely fails to plead the third element of fraud (intent to induce reliance). Nowhere in the Complaint does ByoPlanet make any allegation that either Defendant acted with the intent to induce reliance by ByoPlanet. *See generally* Dkt. No. 1.

The Complaint does not plausibly allege fourth element of fraud (justifiable reliance by ByoPlanet to its detriment). *See Grills*, 645 F. Supp. 2d at 1122–23. Although ByoPlanet pleads that it "relied on Defendants' misrepresentations, leading to severe financial harm[,]" this is insufficient. Dkt. No. 1 at 6. ByoPlanet must plead facts sufficient to support justifiable reliance, which it has not done. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004); *Diversified Mgmt. Sols., Inc. v. Control Sys. Research, Inc.*, No. 15-81062-CIV-MIDDLEBROOKS, 2016 WL 4256916, at *11 (S.D. Fla. May 16, 2016). Furthermore, ByoPlanet's allegations do not indicate what "severe financial harm" supposedly arose from its

alleged reliance and how it arose. Dkt. No. 1 at 6. Without some minimal factual allegations, ByoPlanet has not pleaded a plausible claim for fraud.

ByoPlanet cannot state a claim for fraud due its failure to plead multiple essential elements of that cause of action, and the Court should therefore dismiss that claim as to Gilstrap.

C. **Plaintiff fails to state a claim for "corporate waste" against Gilstrap because that is not a cause of action recognized by Florida law.**

Plaintiff alleges a standalone claim for "corporate waste." Dkt. No. 1 at 7. However, "allegations of corporate waste are normally couched in terms of a breach of fiduciary duty" under Florida law. *Lindquist v. Linxian*, No. 11–23876–Civ, 2012 WL 3811800, at *4 (S.D. Fla. Sept. 4, 2012) (citations omitted). Corporate waste is not itself an independent cause of action under Florida law. *See Gaskins v. Nahmad*, No. 15-24707-CIV, 2017 WL 1335166, at *7 (S.D. Fla. Jan. 19, 2017) (treating "corporate waste" claim based on compensation payments as a "derivative claim for breach of fiduciary duty based on excessive compensation"), *report & recommendation adopted*, 2017 WL 1437583 (S.D. Fla. Mar. 21, 2017); *Lindquist*, 2012 WL 3811800, at *4. Gilstrap will, as a result, analyze the "corporate waste" allegations as part of Plaintiff's breach of fiduciary duty claim *infra*. However, because corporate waste is not itself a cause of action in Florida, Plaintiff's claim should be dismissed.

D. **Plaintiff fails to state a claim for breach of fiduciary duty against Gilstrap.**

The elements of a breach of fiduciary duty claim under Florida law are: (1) "the existence of a fiduciary duty"; (2) "breach of that duty"; and (3) "damages proximately caused by the breach." *Rana Fin.*, 347 F. Supp. 3d at 1153 (citation omitted). The Complaint fails to adequately plead the second element of breach. ByoPlanet's corporate waste allegations are also treated as part of its breach of fiduciary duty claim, but similarly fail to state a claim; in fact, they do not

even satisfy the basic pleading standards of Rule 8. ByoPlanet therefore fails to state any claim for breach of fiduciary duty against Gilstrap.

First, the Complaint fails to adequately plead the element of breach. ByoPlanet alleges only that "Defendants violated [their] duty" to act in ByoPlanet's best interest "by engaging in self-dealing and reckless financial mismanagement." Dkt. No. 1 at 7. The Complaint does not specify which acts by Gilstrap, Johansson, or both make up the purported "self-dealing" or "reckless financial mismanagement"—even when read as a whole. *Id.* Furthermore, the only allegations of specific financial mismanagement solely involve Johansson (not Gilstrap). *See* Dkt. No. 1 at 3–4. Gilstrap is alleged to have enabled Johansson's "overspending"—but Plaintiff fails to specify whether and how that constitutes a breach of fiduciary duty. Dkt. No. 1 at 4. Plaintiff also alleges that Gilstrap concealed financial information from ByoPlanet's board—but again, it is unclear whether that allegation is part of Plaintiff's breach of fiduciary duty claim. Plaintiff has failed to sufficiently plead any allegations of breach of fiduciary duty that involve Gilstrap specifically, and its breach claim must therefore be dismissed.

Second, ByoPlanet's Count 4, alleging "corporate waste," must be analyzed as a breach of fiduciary duty claim, as explained *supra*. ByoPlanet's allegations in Count 4, however, also fail to state a claim for breach of fiduciary duty. Count 4 does not specify which Defendant(s) made the alleged "decision to pay twice as much for defective products[,]" or allege whether and how such act constituted a breach of fiduciary duty. Dkt. No. 1 at 7. These allegations are not only insufficient to state a claim pursuant to Rule 12(b)(6), but also to give Gilstrap sufficient notice of the claim against him, as required by Rule 8. *See* FED. R. CIV. P. 8(a). There is also no support for the notion that "Defendants are liable for the restitution of wasted corporate funds," as that is not an element of a breach of fiduciary duty claim. Dkt. No. 1 at 7.

Because Plaintiff has not pleaded one or more essential elements of breach of fiduciary duty, the Court must dismiss that claim as to Gilstrap.

### E. Plaintiff's claims are time-barred in part.

Plaintiff's claims are based in part upon the contract attached to the Complaint as Exhibit A (Dkt. No. 1-1). *See* Dkt. No. 1 at 2, 3–7; Dkt. No. 1-1. Exhibit A has an effective date of April 25, 2020 and is signed solely by Johanssen. Dkt. No. 1-1 at 1, 3. Although Exhibit A is not even signed by Gilstrap, the statute of limitations has nevertheless run as to any fraud, RICO, or breach of fiduciary duty claims against Gilstrap that arise out of the execution or approval of Exhibit A. *See id.*; Dkt. No. 1 at 1 (reflecting filing date of April 1, 2025); *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013) (citation omitted) (statute of limitations for civil RICO actions is four years); Fla. Stat. Ann. § 95.11(3) (setting four-year statute of limitations for fraud and breach of fiduciary duty). For this additional reason, Plaintiff's RICO, fraud, and breach of fiduciary duty claims against Gilstrap must be dismissed for failure to state a claim. *See, e.g.*, *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (citation and quotation marks omitted) ("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred.").

### F. Plaintiff fails to state any claim for unjust enrichment.

The Complaint references a claim for "unjust enrichment" in its title and introduction. Dkt. No. 1 at 1. However, no claim for unjust enrichment is actually pleaded. *See* Dkt. No. 1 at 5–8. To the extent that Plaintiff is actually asserting this claim, Plaintiff has failed to plead it or otherwise put Gilstrap on notice that it is asserting unjust enrichment against him (and the basis for that claim). Therefore, any such claim must be dismissed.

V.
## CONCLUSION

For the foregoing reasons, Defendant Gilstrap respectfully requests that the Court dismiss Plaintiff's claims against Gilstrap, and grant Gilstrap such other and further relief as the Court deems just and proper.

DATED: May 20, 2025

Respectfully submitted,

*/s/ Drew P. O'Malley*
**Drew P. O'Malley**
Florida Bar No. 106551
domalley@spencerfane.com
ecoutu@spencerfane.com
**SPENCER FANE LLP**
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Telephone: 813-424-3509

and

**Joshua L. Hedrick**
Texas Bar No. 24032761
*Admitted pro hac vice*
jhedrick@spencerfane.com
**SPENCER FANE LLP**
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
Telephone: 214-750-3610
Facsimile: 214-750-3612

and

**Rebecca L. Gibson**
Texas Bar No. 24092418
*Admitted pro hac vice*
rgibson@spencerfane.com
**SPENCER FANE LLP**
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all parties of record via CM/ECF on May 20, 2025:

James Paul
JUSTICE LAW GROUP, LLP
850 Southeast 8th Avenue
Fort Lauderdale, Florida 33316
Telephone: 917-562-9607
jpaul@justicelawgroup.ai

*Counsel for Plaintiff*

                                             */s/ Drew P. O'Malley*
                                             Drew P. O'Malley