UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60630-LEIBOWITZ
CASE NO. 0:25-cv-60646-LEIBOWITZ
CASE NO. 0:25-cv-60647-LEIBOWITZ
CASE NO. 0:25-cv-60712-LEIBOWITZ

**BYOPLANET INTERNATIONAL, LLC**,
    *Plaintiff,*

v.

**PETER JOHANSSON** and
**CHARLES GILSTRAP,**
    *Defendants.*
_____/

**BYOPLANET INTERNATIONAL, LLC**,
    *Plaintiff,*

v.

**JARRED KNECHT,**
    *Defendant.*
_____/

**BYOPLANET INTERNATIONAL, LLC**
and **RICHARD O'SHEA**,
    *Plaintiffs,*

v.

**CHARLES GILSTRAP,**
    *Defendant.*
_____/

**RICHARD PATRICK MICHAEL O'SHEA**,
    *Plaintiff,*

v.

**JASON NOVAK,**
    *Defendant.*
_____/

**ORDER**

What we have here is a fee dispute, submitted in three related notices, all filed on July 25, 2025: (1) Plaintiffs' Notice Regarding Disputed Fee Amounts and Proposed Payment Plan ("the Byoplanet Notice") [Case No. 0:25-cv-60646, ECF No. 23; Case No. 0:25-cv-60647, ECF No. 34],[1] (2) Defendants Jarred Knecht ("Knecht") and Jason Novak's ("Novak") Notice of Dispute as to Attorneys' Fees in Connection with Order [Case No. 0:25-cv-60646, ECF No. 25; Case 0:25-cv-60712, ECF No. 22], and (3) Defendant Charles Gilstrap's ("Gilstrap") Notice Regarding Disputed Fee Amounts [Case No. 0:25-cv-60647, ECF No. 36].[2]

On July 15, 2025, this Court entered an order imposing sanctions on Attorney James Martin Paul ("Paul"), counsel for Plaintiffs in the four above-captioned consolidated cases, related to the misuse of generative AI ("the Sanctions Order") [Case No. 0:25-cv-60630, ECF No. 42; Case No. 0:25-cv-60646, ECF No. 22; Case No. 0:25-cv-60647, ECF No. 33; Case No. 0:25-cv-60712, ECF No. 21]. As relevant here, the Court ordered Paul to pay Defendants' counsel "for all time spent responding to any filing in which generative AI was used to develop hallucinated cases and fabricated quotations." [*Id.* at 20]. The Court further ordered the parties to confer and attempt in good faith to reach agreement on Defendants' attorneys' fees and costs in this regard. [*Id.*]. If the parties were unable to reach agreement, the Court noted that it would "promptly determine the amount of the attorney's fees and costs to be paid to Defendants by Attorney James Martin Paul and issue any

---

[1] Plaintiff filed the Byoplanet Notice in just two of the four consolidated cases. [*See* Case No. 0:25-cv-60646, ECF No. 23; Case No. 0:25-cv-60647, ECF No. 34]. However, the caption of the Byoplanet Notice includes the four relevant docket numbers. As such, the Court understands the Byoplanet Notice to be applicable to all four of the consolidated cases.

[2] Neither Plaintiff nor Defendants Johansson or Gilstrap submitted a notice in *Byoplanet International, LLC v. Johansson et al.*, Case No. 0:25-cv-60630. Hereafter, all docket citations refer to the docket in Case No. 0:25-cv-60646, unless otherwise stated.

appropriate further orders." [*Id.* at 21]. Like Captain Renault, the Court is shocked, shocked to find that no agreement has been reached.[3] The Court will resolve it here.

## Background

The Court provides a very brief overview of the fee negotiations in each of the four consolidated cases:

**I.   Case Nos. 0:25-cv-60646 and 0:25-cv-60712**

Defendants Knecht and Novak submitted what appear to be joint and identical notices in *Byoplanet International, LLC v. Knecht*, Case No. 0:25-cv-60646 and *O'Shea v. Novak*, Case No. 0:25-cv-60712. As relayed in their notices, the parties have been unable to reach agreement. [Byoplanet Notice ¶¶ 2–4; Case No. 0:25-cv-60646, ECF No. 24; Case No. 0:25-cv-60712, ECF No. 22]. Defendants Knecht and Novak initially submitted a total of $54,661.50 in fees and costs for 121.7 hours of billable work responding to the relevant filings. [Case No. 0:25-cv-60646, ECF No. 24-1 at 6; Case No. 0:25-cv-60712, ECF No. 22-1 at 6]. Paul objected to a majority of Knecht and Novak's time entries and proposed a 45.3% reduction in costs, which would reduce Paul's payment to $29,900.50. [Case No. 0:25-cv-60646, ECF No. 24-1 at 6; Case No. 0:25-cv-60712, ECF No. 22-1 at 6]. Knecht and Novak in turn accepted all but nine of Paul's objections and offered a reduction in costs of nearly one-third of the total, reducing Paul's payment to $36,663.00.[4] [Byoplanet Notice at 12–15; Case No. 0:25-cv-60646, ECF No. 24; Case No. 0:25-cv-60712, ECF No. 22].

**II.   Case No. 0:25-cv-60647**

Defendant Gilstrap filed a notice of dispute in B*yoplanet International, LLC et al. v. Gilstrap*, Case No. 0:25-cv-60647. Despite appearing as a defendant in *Byoplanet International, LLC v. Johansson et al.*,

---

[3]   Casablanca (Warner Bros. 1942).
[4]   For his part, Paul appears to have conceded certain entries as well. [Byoplanet Notice at 9–10].

Case No. 0:25-cv-60630, Gilstrap did not file a notice in that case. However, the schedule of Gilstrap's fees appears to encompass fees related to the Byoplanet matter generally, including both cases. [*See* Case No. 0:25-cv-60647, ECF No. 36-1]. Accordingly, the Court understands the fees requested in Gilstrap's notice [Case No. 0:25-cv-60647, ECF No. 36] to encompass all fees Gilstrap believes he is due across these four consolidated cases. In this regard, Gilstrap initially submitted a total of $57,535.00 in fees. [*Id.* at 2.]

As for the parties' negotiations, Paul has proposed to pay fees in the amount of $13,970.00, "representing a discount of roughly 76%" from Gilstrap's fees as submitted to the Court. [*Id.* at 1–2]. In response, Gilstrap proposed a total fee amount of $48,904.75, representing a 15% discount. [*Id.* at 2].

### III.     Case No. 0:25-cv-60630

Neither Plaintiff nor Defendants Johansson or Gilstrap submitted a notice in *Byoplanet International, LLC v. Johansson et al.*, Case No. 0:25-cv-60630. As noted above, the Court understands Gilstrap's submission in *Byoplanet International, LLC v. Johansson et al.*, Case No. 0:25-cv-60647 to encompass all available fees. In any event, because Defendant Johansson has failed to submit a notice as required by this Court's Sanctions Order, the Court finds that Johansson has waived his right to seek an award of attorneys' fees and costs in this specific matter.

\* \* \*

Altogether then, asserted attorneys' fees and costs for Defendants Knecht, Novak, and Gilstrap, after accounting for their agreed reductions, total $85,567.75. After some back-and-forth between the parties, Paul now maintains that the still-disputed entries are "either unrelated to the sanctioned conduct or represent duplicative, excessive, or administrative billing that should be excluded or substantially reduced." [Byoplanet Notice ¶ 2]. Paul further represents that he is "a solo practitioner who currently represents a single client in this matter and has not been compensated for

his services to date." [*Id.* ¶ 5]. Thus, "[i]n light of his limited financial resources and the extraordinary amount of fees sought," Paul contends that he is able to pay only a total of $20,000 in five monthly installments of $4,000 each, which would represent less than a quarter of Defendants' fees and costs, even after accounting for Defendants' concessions and discounts. [*Id.*]. Notwithstanding his proposal, Paul has apparently conceded that awards of $24,761.00 and $21,970.00 are "appropriate" for Defendants Knecht and Novak and Defendant Gilstrap, respectively. [*See id.* ¶ 3].

## Discussion

### I. Legal Standard

Monetary sanctions are normally limited to reasonable attorneys' fees and expenses. *Mike Ousley Productions, Inc. v. WJBF–TV*, 952 F.2d 380, 383 (11th Cir. 1992). Whether fees are reasonable depends in the first instance on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In turn, a reasonable hourly rate is the "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). With respect to the reasonableness of hourly rates, the Eleventh Circuit has recognized "for decades" that the Court "'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Norman, 836 F.2d at 1303* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). A court may exclude hours that are not "reasonably expended," which may include hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

II. Analysis

    A. *Defendants' billable hours and rates are reasonable and the requested fees, having been substantially reduced, fall within the ambit of the Sanctions Order.*

Paul asserts that the disputed entries are "either unrelated to the sanctioned conduct or represent duplicative, excessive, or administrative billing that should be excluded or substantially reduced." [Byoplanet Notice ¶ 2]. However, having carefully reviewed the Defendants' schedules of fees and costs, the Court finds that the fees requested by Defendants are reasonable when compared to market rates in the Southern District of Florida, especially when factoring in Defendants' substantial concessions. Based on Defendants' submitted fee schedules and "counsels' reputation and experience in the areas of the applicable law, and the [c]ourt's familiarity with attorneys and related fees in the Southern District of Florida," the Court sees no reason to find Defendants' hours or rates unreasonable, and Paul has offered no argument on this issue beyond the bare assertion that Defendants' fees are "duplicative, excessive, or administrative." *Bacon v. Stiefel Lab'ys, Inc.*, No. 11-20489-CIV, 2014 WL 4825279, at *4 (S.D. Fla. Sept. 25, 2014). While the Court recognized in its Sanctions Order that some of Defendants' asserted costs might not fall within the ambit of the award as ordered by the Court, [Sanctions Order at 20 n.8], a review of the parties' communications indicates that Defendants have made substantial, good faith concessions and discounts in response to Paul's objections, such that it is reasonable for Defendants to assert that the reduced fees fall within the scope of the Sanctions Order.

    i. **Case Nos. 0:25-cv-60646 and 0:25-cv-60712:**

Defendants Knecht and Novak submitted a total of $54,661.50 in fees and costs for 121.7 hours of billable work responding to the relevant filings. [Case No. 0:25-cv-60646, ECF No. 24-1 at 6; Case No. 0:25-cv-60712, ECF No. 22-1 at 6]. Defendants' rates ranged between $155 and $825 per hour. [*See* Case No. 0:25-cv-60646, ECF No. 24-1 at 1–6; Case No. 0:25-cv-60712, ECF No. 22-1 at 1–6]. Knecht and Novak accepted all but nine of Paul's objections and offered a reduction in costs

of nearly one-third of the total, reducing Paul's payment to $36,663.00. [*See* Case No. 0:25-cv-60646, ECF No. 24-1 at 1–6; Case No. 0:25-cv-60712, ECF No. 22-1 at 1–6]. Holding Defendants' hours constant while reducing the total award of fees to $36,663.00 yields an average blended hourly rate of just $301.26. The Court finds that this reduced rate is more than reasonable given the sophistication and reputation of Defendants' counsel when compared with market rates for similar counsel in the community.

    ii.    **Case No. 0:25-cv-60647:**

From an initial submission of $57,535.00, Gilstrap proposed an revised award of $48,904.75, representing a 15% discount against Gilstrap's total asserted fees. [Case No. 0:25-cv-60647, ECF No. 36]. Defense counsel's hourly rates ranged from $230.00 to $750.00. [Case No. 0:25-cv-60647, ECF No. 32-1 at 11]. Defense counsel's rates appear reasonable given the size and sophistication of the firm relative to similar firms in the relevant market.

    iii.    **Case No. 0:25-cv-60630:**

As explained above, Defendant Johansson did not submit a notice in *Byoplanet International, LLC v. Johansson et al.*, Case No. 0:25-cv-60630, and the Court has found that Johansson waived his right to attorneys' fees under the Sanctions Order. Accordingly, the Court need not conduct any further analysis as to Johansson.

    B.   *Paul's other arguments are unconvincing.*

In support of his request for a substantial reduction in fees, Paul argues (1) that he is unable to pay more than $20,000 over five months and (2) that the Court should exercise "leniency" in further reducing Defendants' already-reduced fees. [Byoplanet Notice ¶ 6]. As for the former argument, Paul has offered essentially zero evidence concerning the state of his finances. [*See id.* ¶ 5 (stating that Paul "has not been compensated for his services to date" in this matter and that he has "limited financial resources")]. As for the latter, Paul cites to a private database of AI hallucination sanctions cases to

argue that "the above-referenced proposal would be the largest sanctions paid out for the use of AI generative case law to date." [*Id.* ¶ 6 (citing Damien Charlotin, AI Hallucination Cases, https://www.damiencharlotin.com/hallucinations (last visited July. 31, 2025) ("the AI Sanctions Database")].

This Court has already explained at length why an award of attorneys' fees and costs is justified under the Court's inherent powers, Rule 11 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927. [*See* Sanctions Oder at 10–19]. Paul's arguments are unavailing for at least two reasons.

First, Paul fails to consider that the *severity* of his conduct is far more egregious when compared to other cases in which lesser sanctions were imposed.[5] For example, a cursory review of the AI Sanctions Database submitted by Paul reveals an award of $31,100, issued by a special master presiding over litigation in the Central District of California. *Lacey v. State Farm General Ins. Co.*, Case No. 2:24-cv-05205-FMO-MAA (C.D. Cal.), ECF No. 119 at 10. That sanction award was for a single supplemental brief in a single case. *See id.* at 7. The Court has already explained how Paul's conduct and explanations differ in the cases at bar. [Sanctions Order at 10 ("Paul repeatedly stated at the hearing that he took full accountability for his actions and that they were not taken in bad faith, malicious, or intentional. This Court strongly disagrees; what happened here constitutes repeated, abusive, bad-faith conduct that cannot be recognized as legitimate legal practice and must be deterred.") (citation omitted)]. The Court will not multiply examples; suffice it to say that the database submitted by Paul is incomplete in material respects (understandably so), and the conduct being sanctioned here materially differs (unfavorably for Paul) from the database entries by comparison.

---

[5] Paul also fails to consider the significant, if indirect, monetary losses that may arise from non-monetary sanctions in other cases, such as loss of business and loss of reputation, or the monetary loss borne by a client when a motion or even an entire case is adversely decided due to counsel's misuse of AI.

Second, and relatedly, even if the Court were to accept that an award of fees and costs here may be greater than in other AI sanction cases, Paul does not contend with the fact that orders awarding fees and costs in cases involving the misuse of AI appear nearly unanimous in tying those awards to the time spent responding to papers supported by AI hallucinations.  Paul argues that his prolific misuse of AI across multiple filings in multiple cases—including in his Court-mandated response to allegations of misuse [*see* Sanctions Order at 9]—justifies additional reduction from fees and costs that Defendants have already agreed to substantially reduce.  Accepting that argument would essentially cap counsel's liability and promote an "in for a penny, in for a pound" mindset that would only benefit serial hallucinators.  Such an outcome would hobble the explicit purpose of these and other sanctions:  deterring the burgeoning misuse of AI in legal filings.  [Sanctions Order at 10 ("[W]hat happened here constitutes repeated, abusive, bad-faith conduct that cannot be recognized as legitimate legal practice and must be deterred.")].

\* \* \*

Having carefully reviewed the parties' submissions, including Defendants' schedules of fees and Paul's objections thereto, the Court finds that Defendants' discounted fees and costs are reasonable based on prevailing market rates and that Defendants' concessions are sufficient to account for any work that may have fallen outside the scope of this Court's Sanctions Order.  The Court also finds that it would be imprudent to reduce the award of attorneys' fees and costs beyond the Defendants' substantial concessions.  Finally, the Court notes that other sanctions available to the Court were not ordered here; the amounts and payment schedule ordered below are substantial but far from the maximum sanctions (both monetary and non-monetary) that could be imposed for this conduct.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Paul shall pay Defendants Knecht and Novak's attorneys' fees and costs in an amount of $36,663.00.

2. Paul shall pay Defendant Gilstrap's attorneys' fees and costs in an amount of $48,904.75.

3. Paul's requested payment schedule [Case No. 0:25-cv-60646, ECF No. 23; Case No. 0:25-cv-60647, ECF No. 34] is **DENIED**.  The payments ordered here shall be made in full within ninety (90) days of the date of this Order.  If Paul cannot make payment in full by that time, the parties shall confer and attempt in good faith to agree to a payment plan prior to the submission of any motion to modify the payment schedule.

**DONE AND ORDERED** in the Southern District of Florida on July 31, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record