**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-60630-LEIBOWITZ**
**CASE NO. 0:25-cv-60647-LEIBOWITZ**

**BYOPLANET INTERNATIONAL, LLC**,
        *Plaintiff,*

*v.*

**PETER JOHANSSON and**
**CHARLES GILSTRAP,**
        *Defendants.*

_____/

**BYOPLANET INTERNATIONAL, LLC**
**and RICHARD O'SHEA**,
        *Plaintiffs,*

*v.*

**CHARLES GILSTRAP,**
        *Defendant.*

_____/

## ORDER

THIS CAUSE is before the Court on Defendant Charles Gilstrap's Motion to Modify Order ("the Motion") [ECF No. 44], filed on November 3, 2025.  In the Motion, Defendant Charles Gilstrap ("Defendant" or "Gilstrap") moves to modify this Court's prior Order dismissing the cases in which Gilstrap is named as a defendant—Case No. 0:25-cv-60630 and Case No. 0:25-cv-60647—to dismiss those cases with prejudice.  [*Id.* at 10].  For the reasons set forth below, the Motion is **GRANTED**.

On July 15, 2025, the Court entered an order ("the Sanctions Order") imposing sanctions on James Martin Paul ("Paul"), counsel for Plaintiffs ByoPlanet International, LLC and Richard Patrick Michael O'Shea in the above-captioned matters.  [ECF No. 43[1]].  The Court dismissed these cases

---

[1]    Docket numbers throughout this Order refer to Case No. 0:25-cv-60630 unless otherwise stated.

without prejudice and ordered Paul to pay the attorneys' fees of Defendants' counsel for time spent responding to filings in which generative artificial intelligence ("AI") was used to develop hallucinated cases and fabricated quotations. [*Id.* at 20]. The Court further ordered the parties to confer and attempt in good faith to reach agreement on the amount of attorneys' fees to be paid by Paul. [*Id.*]. If the parties were unable to reach agreement, the Court noted that it would "promptly determine the amount of the attorney's fees and costs to be paid to Defendants by Attorney James Martin Paul and issue any appropriate further orders." [*Id.* at 21].

The parties subsequently notified the Court that they had been unable to agree to an award of attorneys' fees. On July 31, 2025, the Court entered an order ("the Fee Order") awarding Defendant Gilstrap attorneys' fees in an amount of $48,904.75, representing a substantial reduction in the total amount claimed. [ECF No. 43 at 10]. That amount was to be paid within 90 days of entry of the Fee Order. [*Id.* at 10]. Failing that, the parties were directed to confer in good faith to agree to a payment plan. [*Id.*]. To date, it does not appear that Paul has paid the amount at issue or that the parties have otherwise agreed to a payment plan.

On November 3, 2025, Defendant moved to modify the Court's Sanctions Order to dismiss the cases in which Gilstrap is named as a defendant with prejudice. [ECF No. 44 at 10]. Almost a month has passed, and Plaintiff has failed to file a response within the time permitted under the Local Rules of the Southern District of Florida. *See* S.D. Fla. L.R. 7(c)(1). Nor has Plaintiff moved for an extension of time to follow a response or otherwise indicated an intention to oppose the motion, despite filing responses in related matters during this time. It is well-settled that a Court may grant a motion where the non-moving party fails to respond. *See Porras v. United States*, No. 8:21-CV-423-JSS, 2022 WL 19395432, at *1 (M.D. Fla. Mar. 21, 2022); *see also id.* ("Failure to [file and serve an opposing memorandum] may be deemed sufficient cause for granting the motion by default.").

Being fully advised, it is hereby **ORDERED AND ADJUDGED** that the Motion **[ECF No. 44]** is **GRANTED**.  Case No. 0:25-cv-60630 and Case No. 0:25-cv-60647 are hereby **DISMISSED** *WITH PREJUDICE*.

**DONE AND ORDERED** in the Southern District of Florida on December 2, 2025.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record